UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACSO LEXINE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>THE MONTESSORI SCHOOL OF NEW YORK INTERNATIONAL, INC., THE MONTESSORI SCHOOL OF NEW YORK, INC., ANIL K. SINHA, LINA SINHA and ANA SINHA, Jointly and Severally,<br><br>Defendants. | Case No.: 11 Civ. 3465 (BSJ)(JCF)<br><br>ECF Case<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |

Defendants The Montessori School of New York International ("Defendant Montessori International," incorrectly named herein as "The Montessori School of New York International, Inc."), The Montessori School of New York ("Defendant Montessori," incorrectly named herein as The Montessori School of New York, Inc.; referred to herein as the "Montessori School" together with Defendant Montessori), Anil K. Sinha ("Defendant Anil Sinha"), Lina Sinha ("Defendant Lina Sinha") and Hannah Sinha ("Defendant Hanna Sinha," incorrectly named herein as "Ana Sinha") (collectively "Defendants"), by and through their attorneys, Liane Fisher Law PLLC, for their Answer to Plaintiff's Collective Action Complaint hereby state as follows:

**AS TO "NATURE OF THE ACTION"**

1. Defendants deny each and every allegation set forth in Paragraph "1" (including subparts) of Plaintiff's Complaint.

2. Defendants deny each and every allegation set forth in Paragraph "2" (including subparts) of Plaintiff's Complaint.

## AS TO "JURISDICTION AND VENUE"

3. Paragraph "3" of the Complaint sets forth a legal conclusion only, therefore no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph "3" of Plaintiff's Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as set forth in this paragraph.

4. Paragraph "4" of the Complaint sets forth a legal conclusion only, therefore no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph "4" of Plaintiff's Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as set forth in this paragraph.

5. Paragraph "5" of the Complaint sets forth a legal conclusion only, therefore no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph "5" of Plaintiff's Complaint.

## AS TO "THE PARTIES"

6. Defendants deny each and every allegation set forth in Paragraph "6" of Plaintiff's Complaint, except admit that Plaintiff was employed by Defendants Montessori and Montessori International from in or about November 1998 to in or about November 2010.

7. Defendants deny each and every allegation set forth in Paragraph "7" of Plaintiff's Complaint, except aver that the Montessori School is a not-for-profit organization located at 347 East 55th Street, New York, New York 10022.

8. Defendants deny each and every allegation set forth in Paragraph "8" of Plaintiff's Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

9. Paragraph "9" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph "9" of Plaintiff's Complaint, except admit that Plaintiff purports to bring claims as a collective action pursuant to the FLSA as set forth in this paragraph.

10. Defendants deny each and every allegation set forth in Paragraph "10" of Plaintiff's Complaint.

11. Defendants deny each and every allegation set forth in Paragraph "11" of Plaintiff's Complaint.

12. Defendants deny each and every allegation set forth in Paragraph "12" (including subparts) of Plaintiff's Complaint.

13. Defendants deny each and every allegation set forth in Paragraph "13" of Plaintiff's Complaint.

## AS TO "NYLL ALLEGATIONS"

14. Paragraph "14" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph "14" of Plaintiff's Complaint, except admit that Plaintiff purports to bring claims on behalf of alleged Plaintiffs who have opted into this action pursuant to the NYLL as set forth in this paragraph.

## AS TO "STATEMENT OF FACTS"

15. Defendants deny each and every allegation set forth in Paragraph "15" of Plaintiff's Complaint, except aver that Plaintiff was employed by Montessori School from in or

3

about November 1998 to in or about November 2010.

16. Defendants deny each and every allegation set forth in Paragraph "16" of Plaintiff's Complaint.

17. Defendants deny each and every allegation set forth in Paragraph "17" of Plaintiff's Complaint, except aver that Plaintiff's work required no capital investment by him.

18. Defendants deny each and every allegation set forth in Paragraph "18" of Plaintiff's Complaint.

19. Defendants deny each and every allegation set forth in Paragraph "19" of Plaintiff's Complaint.

20. Defendants deny each and every allegation set forth in Paragraph "20" of Plaintiff's Complaint.

21. Defendants deny each and every allegation set forth in Paragraph "21" of Plaintiff's Complaint.

22. Defendants deny each and every allegation set forth in Paragraph "22" of Plaintiff's Complaint.

23. Defendants deny each and every allegation set forth in Paragraph "23" of Plaintiff's Complaint.

24. Defendants deny each and every allegation set forth in Paragraph "24" of Plaintiff's Complaint.

25. Defendants deny each and every allegation set forth in Paragraph "25" of Plaintiff's Complaint.

## AS TO "FIRST CLAIM FOR RELIEF"
## "FAIR LABOR STANDARDS ACT"

26. Defendants deny each and every allegation set forth in Paragraph "26" of Plaintiff's Complaint.

27. Defendants deny each and every allegation set forth in Paragraph "27" of Plaintiff's Complaint.

28. Defendants deny each and every allegation set forth in Paragraph "28" of Plaintiff's Complaint, except aver that the Montessori School employed Plaintiff from in or about November 1998 to in or about November 2010.

29. Defendants deny each and every allegation set forth in Paragraph "29" of Plaintiff's Complaint.

30. Paragraph "30" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendants deny each and every allegation set forth in Paragraph "30" of Plaintiff's Complaint, except admit that Plaintiff purports to consent in writing to be a party to this action pursuant to the FLSA as set forth in this paragraph.

31. Defendants deny each and every allegation set forth in Paragraph "31" of Plaintiff's Complaint.

32. Defendants deny each and every allegation set forth in Paragraph "32" of Plaintiff's Complaint.

33. Defendants deny each and every allegation set forth in Paragraph "33" of Plaintiff's Complaint.

34. Defendants deny each and every allegation set forth in Paragraph "34" of Plaintiff's Complaint.

35. Defendants deny each and every allegation set forth in Paragraph "35" of Plaintiff's Complaint.

### AS TO "SECOND CLAIM FOR RELIEF"
### "NEW YORK LABOR LAW"

36. Defendants deny each and every allegation set forth in Paragraph "36" of Plaintiff's Complaint.

37. Defendants deny each and every allegation set forth in Paragraph "37" of Plaintiff's Complaint, except aver that the Montessori School employed Plaintiff from in or about November 1998 to in or about November 2010.

38. Defendants deny each and every allegation set forth in Paragraph "38" of Plaintiff's Complaint.

39. Defendants deny each and every allegation set forth in Paragraph "39" of Plaintiff's Complaint.

40. Defendants deny each and every allegation set forth in Paragraph "40" of Plaintiff's Complaint.

### AS TO "THIRD CLAIM FOR RELIEF"
### "NEW YORK LABOR LAW – FAILURE TO PAY WAGES"

41. Defendants deny each and every allegation set forth in Paragraph "41" of Plaintiff's Complaint.

42. Defendants deny each and every allegation set forth in Paragraph "42" of Plaintiff's Complaint.

43. Defendants deny each and every allegation set forth in Paragraph "43" of Plaintiff's Complaint.

## AS AND TO DEFENDANTS' AFFIRMATIVE DEFENSES

## AS AND TO DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

44. Plaintiff fails, in whole or in part, to state claims upon which relief can be granted or for which the damages sought can be awarded, either on his own behalf or on behalf of those persons whom he purports to represent.

## AS AND TO DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

45. At all times relevant hereto, Defendants have acted in good faith and with good cause, and have not violated any rights which may be secured to Plaintiff under any federal, state or local law, rule, ordinance, regulation or guideline.

## AS AND TO DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

46. Plaintiff is not entitled to recovery of liquidated damages as Defendants did not act willfully, but rather acted in good faith and had reasonable grounds for believing that they had not violated the FLSA.

## AS AND TO DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims for damages are barred, in whole or in part, because he failed to mitigate his damages.

## AS AND TO DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, because of the applicable statute of limitations.

**AS AND TO DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE**

49. This case may not be maintained as a collective action because the named Plaintiff is not similarly-situated to or otherwise an adequate representative for the persons whom he purports to represent.

**AS AND TO DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

50. This case may not be maintained as a class action because (a) the putative class is not so numerous that joinder of all members is impracticable; (b) there are no questions of law or fact common to the putative class; (c) the claims or defenses of the represented parties are not typical of the claims or defenses of the putative class; and (d) the represented party will not fairly and adequately protect the interests of the class.

**AS AND TO DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE**

51. To the extent that the named Plaintiff purports to bring a representative action, he is barred on Constitutional grounds from doing so unless he demonstrates that a liability finding as to one Plaintiff (or sub-group of Plaintiffs) necessarily determines liability as to others.

**AS AND TO DEFENDANTS' NINTH AFFIRMATIVE DEFENSE**

52. Plaintiff's claims are barred, in whole or in part, by the <u>de minimis</u> doctrine.

**AS AND TO DEFENDANTS' TENTH AFFIRMATIVE DEFENSE**

53. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel and waiver.

**AS AND TO DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**AS AND TO DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE**

55. In addition to the foregoing defenses, Defendants retain the right to add additional affirmative defenses upon the close of discovery.

WHEREFORE, Defendants pray that the Court enter a judgment:

(a) dismissing the Complaint in its entirety with prejudice;

(b) denying each and every demand and prayer for relief contained therein;

(c) awarding Defendants reasonable costs and attorneys' fees incurred in defending this action; and

(d) granting such other and further relief as the Court may deem just and proper.

Dated: November 2, 2011

/s/
Liane Fisher (LF5708)
LIANE FISHER LAW PLLC
233 Broadway, Suite 1800
New York, New York 10279
Phone: (212) 571-0700
Fax: (212) 406-2313
*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of (i) Defendants' Answer to Plaintiff's Collective Action Complaint and (ii) The Montessori School of New York International (incorrectly named herein as The Montessori School of New York International, Inc.) and The Montessori School of New York's (incorrectly named herein as The Montessori School of New York, Inc.) Certificate Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure were served upon Plaintiff's counsel of record via electronic case filing and Federal Express on November 2, 2011.

                                            /s/
                                   Liane Fisher (LF5708)
                                   LIANE FISHER LAW PLLC
                                   233 Broadway, Suite 1800
                                   New York, New York 10279
                                   Phone: (212) 571-0700
                                   Fax: (212) 406-2313
                                   *ATTORNEYS FOR DEFENDANTS*